dominant estate bought an adjoining lot which offered a means of ingress and egress to and from the Highway Department's property. The answer to this contention is that the doctrine of merger could not apply because the former owner of the dominant estate did not acquire the servient estate.

The Chancellor carefully analyzed all of the material issues in an excellent opinion, and we are in accord with each of the conclusions reached.

The judgment is affirmed.

PER CURIAM.

Motion for an appeal from a judgment denying Dr. Robert C. Riggs the right to recover the sum of $861.42, jointly and severally, from W. C. Tadlock and Mrs. Maxie Jones for professional services. The lower court directed a verdict for Dr. Riggs for the sum of $93.56 against each of the above two persons. We have read the record and we conclude the evidence fully sustains the action of the trial judge.

The motion is overruled and the judgment is affirmed.

**Robert C. RIGGS, Appellant,**

v.

**W. C. TADLOCK et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

Strother Kiser, Lexington, for appellant.

George R. Smith, Lexington, for appellee.

**Ida ABBOTT, Appellant,**

v.

**John Matt DAVIDSON, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

